IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KAREN RIFE                                                                                          PLAINTIFF

v.                                             CIVIL NO. 16-5106

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Karen Rife, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability and supplemental security income ("SSI") benefits under the provisions of Title XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her application for SSI on November 14, 2013. (ECF No. 11, p. 22). In her application, Plaintiff alleges disability due to depression, diverticular disease, irritable bowel syndrome ("IBS"), anxiety, and chronic pain. (ECF No. 11, p. 308). Plaintiff alleges an onset date of November 14, 2011. (ECF No. 11, pp. 22, 176). These applications were denied initially and again upon reconsideration. (ECF No. 11, pp. 83-105).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (ECF No. 11, p. 120). Plaintiff's administrative hearing was held on December 4, 2014, in Fort Smith, Arkansas (ECF No. 11, pp. 36-82). Plaintiff was present and was represented by Ann Donovan. Id. Plaintiff, Plaintiff's cousin Merrin Dalifut, and Vocational Expert ("VE") John Massy testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (ECF No. 11, p. 39). As for her level of education, Plaintiff has a high school diploma. Id. at 181.

After this hearing, on February 24, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (ECF No. 11, pp. 19-30). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 14, 2013, her application date. (ECF No. 11, p. 24, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, gastro-intestinal disorder, and peripheral neuropathy. (ECF No. 11, pp. 24-25, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, p. 25, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 25-28, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 C.F.R. 416.967(a) except occasional climb, balance, crawl, kneel, stoop, and crouch and requires a cane to ambulate.

Id.

2

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 11, p. 28, Finding 5). The VE testified at the administrative hearing regarding this issue. (ECF No. 11, pp. 76-81). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a document preparer, a cutter paster, and an eye glass frame polisher. (ECF No. 11, pp. 28-29, Finding 9). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from November 14, 2013, through February 24, 2015, the date of the ALJ's decision. (ECF No. 11, p. 29, Finding 10).

Thereafter, on April 15, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 11, p. 17). The Appeals Council denied this request on March 18, 2016. (ECF No. 11, pp. 5-9). On May 20, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on June 10, 2016. (ECF No. 7). This case is now ready for decision.

**II.    Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683

F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

### III.  Discussion:

Plaintiff raises three issues on appeal: 1) the ALJ committed reversible error in not finding Plaintiff's impairments met or equaled Listing 1.04A; 2) the ALJ improperly evaluated Plaintiff's impairments and subjective complaints by failing to consider evidence from other sources in violation of Social Security Ruling 96-7p and 06-3p; and 3) on numerous occasions the ALJ either misinterpreted the evidence or relied on factually incorrect evidence in assessing Plaintiff's RFC and subjective complaints. (ECF No. 12). Upon review of these claims, this Court determines the ALJ failed to properly evaluate Plaintiff's severe impairments with regard to Listing 1.04A, and that the record requires further development of Plaintiff's alleged motor loss with sensory or reflex loss. Accordingly, this Court will only address this argument for reversal.

A claimant seeking benefits has the burden of proving her impairment meets or equals a listing. Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004); See also Carlson v. Astrue, 604 F.3d 589, 593 (8th Cir. 2010). "To meet a listing, an impairment must meet all of the listing's specified criteria." Johnson, 390 F.3d at 1070. Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). Although it is preferable an ALJ explicitly state the reasons a claimant failed to meet a listing, the ALJ's conclusion may be upheld if the record supports it. Id.; See also Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001).

> Listing 1.04A requires the following:
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

20 C.F.R. Pt. 404, Subpt. P, App 1, § 1.04A. The ALJ determined Plaintiff's spine impairment did not meet or equal Listing 1.04A "because it is not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and a positive straight leg raising test (sitting and supine). (ECF No. 11, p. 25).

In the present case, the record does not support the ALJ's overly broad conclusion that Plaintiff does not meet the majority of the criteria of Listing 1.04. The record contains numerous records which show Plaintiff suffered a disorder of the spine resulting in compromise of a nerve root or the spinal cord, and evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of her spine, and positive straight-leg raising tests. (ECF No. 11, pp. 297, 299-300, 303, 307, 311, 314, 327, 335-36, 366). Plaintiff sought relief through epidural injection on September 8, 2014, and then nerve blocks on September 25, 2014, and October 9, 2014. (ECF No. 11, pp. 363-559). Individually, Plaintiff's symptoms wax and wane over time. We note, however, that "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation." 20 C.F.R. Pt. 404, Subpt. P,

App1, § 1.00(D) (Musculoskeletal System). Upon review of the record as a whole, the record is underdeveloped with regard to Plaintiff's alleged motor loss with sensory or reflex loss.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014) (quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

The record contains evidence Plaintiff's spine impairment may have met or equaled the criteria of Listing 1.04A, but the existing medical sources do not contain sufficient evidence to make a determination. The record contains two important notes with regard to Plaintiff's alleged motor loss with sensory or reflex loss. On August 14, 2014, Dr. Barry Katz, one of Plaintiff's treating physicians, noted Plaintiff suffered hypoesthesia on the right. (ECF No. 11,

7

pp. 296-97). Approximately two months later, on October 28, 2014, Dr. Miles Johnson performed EMG testing. (ECF No. 11, p. 326-32). During his physical examination of Plaintiff, he noted decreased sensation to light touch in Plaintiff's posterior right leg and right foot. (ECF No. 11, p. 327). Diagnostic testing revealed "H-reflex latency was prolonged on the right as compared to the left," and "EMG examination of the right lower extremity is significant for abnormal spontaneous potentials being noted in the right medial gastrocs." (ECF No. 11, p. 327). While this evidence suggests Plaintiff suffered some motor loss with sensory or reflex loss, it is insufficient to make a determination. Notably, the non-examining State agency consultants did not have these records before them at the initial or reconsideration phases of Plaintiff's claim, and the record does not contain the opinion of any other medical expert. (ECF No. 11, pp. 83-105). Upon review of the record as a whole, this failure to fully and fairly develop the record was prejudicial to Plaintiff.

**IV.   Conclusion:**

Based on the foregoing, on remand the ALJ is ordered to send Plaintiff for a new consultative examination conducted by her treating physician, Dr. Katz, and direct Dr. Katz to provide a Medical Source Statement and RFC Assessment of Plaintiff with specific findings as to Listing 1.04A. Dr. Katz shall be provided with all records from Plaintiff's case relevant to his evaluation of Plaintiff. Dr. Katz shall also be directed to administer or perform any medically acceptable clinical and laboratory diagnostic techniques, which he determines is appropriate to evaluate Plaintiff's alleged impairments. Upon receipt of these records and assessments, Plaintiff shall then be given the opportunity to appear and testify at a new administrative hearing regarding her application for benefits.

The ALJ shall then return to step three of the sequential evaluation process and determine whether any of Plaintiff's medically determinable impairments, either alone or in combination, meet or medically equal the criteria of an impairment in the Listings. Should the ALJ then determine Plaintiff's impairments or the combination of her impairments are not of a severity to meet or medically equal the criteria of an impairment in the Listings, he shall determine Plaintiff's RFC. Then, the ALJ shall procure the expert testimony of a VE and present to him or her a hypothetical question which includes those impairments that the ALJ finds are substantially supported by the record as a whole and are indicated in the ALJ's RFC determination.

Accordingly, having carefully reviewed the record, the undersigned finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be and hereby is reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 7th day of April, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE